Robert E. Dowd SB# 93284
815 Washington Avenue
Bakersfield, California 93308
661/393-0168

Attorney for Plaintiff

**UNITED STATES FEDERAL DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Leonard Marella<br><br>Plaintiff<br><br>v.<br><br>City of Bakersfield, Bakersfield City Police Department, William Rector, Chief of Police, Officer Anthony Hernandez, Bakersfield Police Department, Officer Dennis Park, Bakersfield Police Department, Officer Eric South, Bakersfield Police Department, Officer Paul Yoon, Bakersfield Police Department, Officer Stephen Kauffman, Bakersfield Police Department and John Does 1 thru 50, | Case No.: 09-at-00193<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS** |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the Defendants City of Bakersfield, Bakersfield Police Department, William Rector, Chief of Police, Officer Anthony Hernandez, Officer Dennis Park, Officer

Eric South, Officer Paul Yoon, Officer Stephen Kauffman, police officers of the City of Bakersfield in their individual capacities and against the City of Bakersfield. Jurisdiction is based upon 28 U.S.C.§§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual officer defendants made an unreasonable seizure of the person of LEONARD MARELLA, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered LEONARD MARELLA. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of Bakersfield.

**Parties**

3. Plaintiff LEONARD MARELLA is and at all times herein mentioned has been a United States citizen residing in the City of Bakersfield, Kern County, California. He is the sole plaintiff in this case.

4. Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Bakersfield, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, improper training, inadequate hiring techniques and acting directly through supervisory personnel of the City of Bakersfield.

5. The City of Bakersfield, California is a municipal corporation and the public employer of the said officers.

6. Defendant officers JOHN DOE 6 throgh JOHN DOE 50 are employees of the Bakersfield Police Department and in such capacity they were employed on March 11, 2008.

**Jurisdiction**

7. This action is brought pursuant to the Fourth Amendment to the United States Constitution which are guarantees to the plaintiff and to all citizens "The right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures and which further provides, " Further the Fourteenth Amendment of

the United States Constitution provides that no individual shall be deprived of due process of law." And further under United Title 23 U.S.C.S Section 1983 which provides that no one within the jurisdiction of the United States and acting under color of law may deprive any person in the United States the right to be fairly treated under the law. This District Court has jurisdiction under Article 3, Section 2 of the United States Constitution, and also under Title 28 U.S.C. Sections 133 and 1343(a)(3) and (4).

**Venue**

8. All of the acts, conduct and events alleged in this complaint took place in Kern County, California and venue is therefore proper in this Eastern Judicial District.

**FACTS**

9. The following paragraphs 10 through 16 are set forth as background information. The facts alleged in said paragraphs do not constitute essential elements of plaintiffs' claims for relief, but do provide information which is helpful to an understanding of the plaintiffs' claims and contentions.

10. On March 11, 2008 at 4:34 p.m. the defendant officers were investigating a citizen complaint concerning a male Hispanic, who at this time was believed to have been responsible for home invasions. In fact the physical description was substantially different than that of Marella who is of Caucasian ethnicity, who stands approximately 5'3" and who weights approximately 135 pounds. The Plaintiff herein alleges that each and every act complained of herein which was performed by Bakersfield Police Officers and was done by them in their capacity as governmental representatives and/or agents. Additionally it is further alleged that officer was a supervisor and held the rank of Sergeant or above and as such acted within a supervisor capacity and hence is responsible as is the entity for who he or she is employed for each and every individuals who he or she had the authority to control and whose actions were committed in the presence of said supervisor with his or her approval.

11. On March 11, 2008, the Plaintiff herein, one LEONARD MARELLA was visiting friends at an address on El Tejon Ave. in the County of Kern and in the City of Bakersfield in the State of California.

12 That after visiting his friends he exited the residence in which those individuals resided and thereafter noted the presence of police officers from the City of Bakersfield, as well as Deputy Sheriffs from the County of Kern. That the law enforcement agents as described in this paragraph were searching the neighborhood for a male Hispanic individual who was a suspect in a number of home invasions that had occurred near that location where this plaintiff was visiting. That the description of the male Hispanic was not in any way consistent with the description of that individual who is the plaintiff in this case.

13. That upon seeing the officers, the plaintiff herein ran. The plaintiff attempted to and did, in an attempt to evade the law enforcement officers, enter a home that was occupied close in proximity to the house in which the plaintiff was visiting. That after entering the home, the plaintiff was not permitted to stay. That the plaintiff exited the home, and as he did he exited with his hands over his head. That as he exited officers removed what is known as Taser Guns and applied the electronic central nervous system inhibitor by directing the wire carrying voltage to two parts of the Plaintiff's body, to his face and to the left side of the plaintiff's torso. The powerful effect of the voltage carrying wire caused the plaintiff herein to go into a state of unconsciousness and caused the plaintiff herein the loss of the control and use of his body. The Plaintiff fell to the ground and was unable to control his bowels or his bladder and both defecated and urinated into his clothing.

14. That after the plaintiff herein had been deprived of any bodily control, he was shackled at his wrists and his ankles. Thereafter he was restrained in a face down position, with any movement thereafter, either muscle spasm or uncontrolled movement or non-existent ,due to the degree of voltage that had discharged the current placed into the plaintiff's body. The 125 pound, 5"3" Plaintiff was prone to the ground and

unconscious and at that point, the four Officers of the Bakersfield Police Department, and possibly Kern County Deputy Sheriffs including one wearing Sgt.'s stripes commenced beating the plaintiff with batons and a heavy (perhaps five pound steel) flash light. The Plaintiff at this time did not have the mental or physical capability, due to the tasering, to plan or to move his extremities and was mechanically prohibited from doing so by the restrains thereon. Thereafter the police officers and perhaps deputy sheriffs encouraged the canine who was with them to bite the Plaintiff in the legs, by grabbing and shaking the Plaintiff's leg with the specific purpose of causing the canine to bite into the leg. In fact the canine did bite into the Plaintiff's legs causing multiple puncture wounds which would require stitches and medical treatment and for which the plaintiff herein will suffer permanent scarring and disfigurement. .

15. That a person living in the neighborhood by the name of Zamora filmed the scenario and such videos and photographs taken by other neighbors have been available for public evaluation and scrutiny. However Mr. Zamora was arrested and subsequently released, the direct effect was to chill the plaintiff's rights to a honest and just evaluation of the facts by intimidating the witness

16. That Bakersfield Police Officers, employees of the CITY OF BAKERSFIELD are sworn peace officers and on the date of this occurrence were assigned the task of investigating a citizen complaint concerning a male Hispanic, who at this time was believed to have been responsible for home invasions. In fact the physical description was substantially different than that of Marella who is of Caucasian ethnicity, who stands approximately 5'3" and who weights approximately 135 pounds. The Plaintiff herein alleges that each and every act complained of herein which was performed by Bakersfield Police Officers and was done by them in their capacity as governmental representatives and/or agents. Additionally it is further alleged that officer was a supervisor and held the rank of Sergeant or above and as such acted within a supervisor capacity and hence is responsible as is the entity for who he or she is employed for each and every individuals who he or she had the authority to control and

whose actions were committed in the presence of said supervisor with his or her approval.

**COUNT I**
**Claims For Relief**
**42 U.S.C. § 1983 Against Individual defendants**

**(VIOLATION OF SECTION 43 TITLE 23 SECTION`1983)**
**SUBJECTING THE PLAINTIFF TO SEVERE BRUTALITY**
**FAR IN EXCESS OF THAT AUTHORIZED BY LAW**
**WHEN MAKING AN ARREST**

17. That the Plaintiff incorporates each and every allegation contained in paragraphs 1 through 16

18. Plaintiff LEONARD MARELLA claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants officers Anthony Hernandez, Dennis Park, Eric South, Paul Yoon, Stephen Kauffman and Does 6 through 50 for violation of his constitutional rights under color of law.

19. On or about March 11, 2008, the Defendants Bakersfield Police Officers designated herein as Does 1 thru 5, and possibly Kern County Deputy Sheriffs did the things described in paragraphs 16 and 17 below in that following the legal restraint of the plaintiff by which he was no longer a threat to those around him, to the police officers or to himself, herein continued to beat with foreign objects designed specifically for the purpose (batons and steel flash lights) of inflicting great bodily injury, encouraged the German Shepard to puncture the legs of the Plaintiff with severe bites and forced him to suffer permanent scarring, unnecessary medical treatment and unnecessary pain and suffering

20. The City of Bakersfield and the County of Kern placed officers and deputies in situations such as these knowing that the Officers had a history of abuse of citizens and failed to protect the community and in particular this Plaintiff from such attacks. Further at the time of the beating as defined below they were directed and encouraged by supervisory personnel who were acting on behalf on the city and county and in such supervisory capacity joined in and encouraged the attacks. Further the City of

Bakersfield and the County of Kern failed to select and failed to perform sufficient background investigations and psychological examinations to determine the officers' ability to act within legal parameters under stress. Further the City and County failed to instruct the officers and deputies concerning the physical affects of the tasering process and the resulting helplessness of any human being who has been subject to its attack.

**Count II**

**Assault and Battery Against Individual Defendants**

21. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

22. Defendants Officers Anthony Hernandez, Dennis Park, Eric South, Paul Yoon and Stephen Kauffman and Does 6 through 50.

23. As a result of this assault and battery, Plaintiff LEONARD MARELLA suffered damages as aforesaid.

**Count III**

**42 U.S.C. § 1983 Against City of Bakersfield**

24. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

25. The City of Bakersfield developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Bakersfield, which caused the violation of plaintiff's rights.

26. It was the policy and/or custom of the City of Bakersfield and Chief of Police to inadequately and improperly investigate citizens complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Bakersfield and Chief of Police, including, but not limited to, the following incidents:

*a. [plaintiff may, but is not required to list such prior incidents as may be known to him]*

27.. It was the policy and/or custom of the city of Bakersfield and Chief of Police to inadequately supervise and train its officers, including the defendant officers, thereby

failing to adequately discourage further constitutional violations on the part of its police officers. The city did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

28. As a result of the above described policies and customs, police of the City of Bakersfield, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers that misconduct would not be investigated or sanctioned, but would be tolerated.

29. The above described policies and customs demonstrated a deliberate indifference on the party of the policymakers of the city of Bakersfield to the constitutional rights of persons within the city, and were the cause of the violations of plaintiff's rights alleged herein.

WHEREFORE the plaintiff prays for relief as follows in relation to all Defendants, except that as to any governmental entity he does not seek exemplary damages:

1. On Plaintiff's Count I

    A. Compensatory damages in the sum of $10,000,000.00

    B. Punitive damages in the sum of $10,000,000.00

2. On Plaintiff's Count II

    A. Compensatory damages in the sum of $10,000,000.00

    B. Punitive damages in the sum of $10,000,000.00

3. On Plaintiff's Count III

    A. Compensatory damages in the sum of $10,000,000.00

On All Causes of Action

1. For Costs of Suit
2. For Reasonable Attorneys Fees
3. For such other relief as the court deems just and proper.

Date: March 9, 2009

Robert E. Dowd